UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BASTUBA,

        Petitioner,               Case Number: 2:15-cv-10884
                                            HONORABLE GERALD E. ROSEN

v.

J. BARRETT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Richard Bastuba has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, pursuant to convictions for second-degree home invasion and receiving and concealing stolen property.  He seeks habeas relief on the grounds that inaccurate information was relied upon for the scoring of his offense variables and that the presentence investigation report included inaccurate and biased statements.  It is apparent from the face of the petition that habeas relief is not warranted.  Therefore, the Court summarily dismisses the petition.

**I.  Background**

Petitioner pleaded no contest in Washtenaw County Circuit Court to second-degree home invasion and receiving and concealing stolen property.  On January 3, 2013, he was sentenced to 3 to 15 years' imprisonment for the home invasion conviction and 1 to 5

years' imprisonment for the stolen property conviction.

On June 26, 2013, Petitioner filed a motion to correct presentence report in the trial court. The trial court denied the motion on August 5, 2013. *People v. Bastuba*, No. 11-001459-FH (Washtenaw County Cir. Ct. Aug. 5, 2013).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Bastuba*, No. 320250 (Mich. Ct. App. Apr. 17, 2014). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Bastuba,* 497 Mich. 919 (Mich. Nov. 26, 2014).

Petitioner then filed the pending habeas petition. He raises these claims:

- I. Petitioner's due process rights have been infringed upon by the state court denials using an unreasonable application of federal precedent law set forth in *Townsend v. Burke*, 334 U.S. 736 (1948). Also the state courts used an unreasonable determination of the actual facts of the case that are unfounded and unsupported.

- II. Petitioner's due process rights have been infringed upon by a presentence report full of inaccurate and biased statements, rendering the state court denials as an unreasonable application of *Townsend v. Burke*, and an unreasonable determination of the actual facts of the case as to the existing record.

## II. Standard

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right. The petition will be dismissed.

**B.**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

>  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*,

529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as

determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

Petitioner raises two claim for habeas relief, both of which deal with sentencing proceedings. In his first claim, Petitioner argues that the scoring of offense variables 2, 4, 10, and 13, violated his rights under the Due Process Clause because the scoring was based upon inaccurate information. Petitioner's second claim for relief alleges that the presentence information report also contained inaccurate information.

A sentence violates due process if it is based on "misinformation of constitutional

magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). "*Townsend* and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007), quoting *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974).

Petitioner merely disagrees with the factual findings made and inferences drawn by the trial judge. However, as the Supreme Court made clear in *Townsend*, an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

> Nor do we mean that mere error in resolving a question of fact on a plea of guilty by an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741.

Petitioner admits that he had a sentencing hearing before the trial court with an opportunity to challenge the scoring of the guidelines, and, according to Petitioner, defense counsel did, in fact, challenge the scoring of the disputed offense variables and presentence investigation report. Petitioner also presented his sentencing claims to the

state courts on appeal. Thus, he had an opportunity to rebut the information relied upon by the sentencing court. This opportunity satisfied the *Townsend* requirements. Petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. No due process violation occurred and habeas relief is denied.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability. The Court also will also deny Petitioner permission to appeal *in forma pauperis* because any appeal would be frivolous.

## V.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the petition for a writ of habeas corpus, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 15, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135